IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL PATRICK JOLIVETTE, JR.,

    Plaintiff,                        No. 2:13-cv-0017 KJN P

    vs.

CALIFORNIA DEPARTMENT OF        ORDER AND
CORRECTIONS AND
REHABILITATION, et al.,                FINDINGS AND RECOMMENDATIONS

    Defendants.

_____/

        Plaintiff is a state prisoner, but this action was filed by a person by the name of Suzette de la Rocha, proceeding without counsel, or "pro se," and who signed the complaint as an "authorized representative" for plaintiff, allegedly making a "special appearance" on his behalf. Plaintiff also requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        The complaint and the application to proceed in forma pauperis were signed by Ms. LaRocha, not by the plaintiff. In addition, although the certificate portion of the application bears a signature, the blanks in the certificate portion are not completed, and both the date, and the signature, on the form are illegible. Similarly, the certificate stamp on the appended trust account statement is illegible and does not bear a date.

Liberally construed, Suzette de la Rocha attempts to challenge two rules violation reports issued against plaintiff, a state prisoner, and seeks, *inter alia*, restoration of plaintiff's visiting/family visiting privileges.

However, Suzette de la Rocha has no standing to sue on behalf of third parties. In order to have standing to bring a claim in federal court, a plaintiff must (1) assert his or her own rights, rather than rely on the rights or interests of third parties; (2) allege an injury that is more than a generalized grievance; and (3) allege an interest that is arguably within the zone of interests protected or regulated by the statute or constitutional guarantee in question. Estate of McKinney v. United States, 71 F.3d 779, 782 n.4 (9th Cir. 1995); Hong Kong Supermarket v. Kizer, 830 F.2d 1078, 1081 (9th Cir. 1987). Ordinarily a plaintiff does not have standing to complain about the deprivations of the constitutional rights of others. Powers v. Ohio, 499 U.S. 400, 410(1991); Estate of McKinney, 71 F.3d at 782 n.4.

Pro se litigants have no authority to represent anyone other than themselves; therefore, they lack the representative capacity to file motions and other documents on behalf of prisoners. See Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself,'" quoting Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987)). "Although a non-attorney may appear in propria persona in his own behalf, that privilege is personal to him." Id. (citations omitted); see also Fed. R. Civ. P. 11(a) ("[I]f the party is not represented by an attorney, [every written motion and other paper] shall be signed by the party.").

Ms. de la Rocha is proceeding pro se, and therefore may not proceed with claims brought on behalf of plaintiff Jolivette. Thus, Ms. de la Rocha fails to allege a proper claim on behalf of third parties, and this action should be dismissed without leave to amend because Ms. de la Rocha does not have standing to challenge the rules violations report issued against plaintiff.

////

1       Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

      IT IS RECOMMENDED that this action be dismissed.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  January 9, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

joli0017.56